OPINION OF THE COURT
Ingrid S. Braslow, J.
*1000 In this juvenile delinquency petition respondent, a 14-year-old male, was charged with one count of criminal mischief in the fourth degree, one count of making graffiti, and one count of possession of graffiti instruments. All counts derive from respondent allegedly spray painting swastikas on trees and rocks along a nature trail owned by the Town of Mamaroneck.
On January 29, 1997, respondent entered an admission to the above charges and after voir dire the admission was accepted as being voluntarily, knowingly and intelligently entered. On March 5, 1997 a dispositional hearing was held and the court heard testimony from a probation officer. All reports, including those of the probation officer, Detective Reynolds, and Dr. Sullivan were admitted into evidence.
Based on their own investigation, the Probation Department referred to this as an isolated incident that took place on a secluded woodland path. The report stated that respondent has neither the background nor the attitude or intellectual sophistication to present himself as an individual who is out to intimidate a segment of the population by his drawings.
Their recommendation was that the court grant respondent an adjournment in contemplation of dismissal of six months with certain conditions.
The County Attorney concurred with the recommendation as did retained counsel representing the juvenile.
However, after consideration of all the above, the court declines to grant respondent an adjournment in contemplation of dismissal and instead places him on probation for one year. Although it is the responsibility of the court to grant the least restrictive disposition consistent with the needs of the community as well as the best interest of the juvenile, the court is disturbed by respondent’s identification with the swastikas, even assuming he is unaware of their historical implications. While the Probation Department states that this was an isolated incident, respondent admitted to spray painting swastikas on more than one occasion. This fact alone is disturbing.
Graffiti is not something to be taken lightly. When the graffiti painted is a swastika, the court is compelled to take decisive action in ensuring that this never occurs again, for the reason that each time a swastika strikes, regardless of the location, it represents a fear and threat to all of us that what happened in Germany in the 1930’s could happen in this country. Here, the victim impact statement notes the fear generated in the com *1001 munity by this juvenile’s actions. So that the respondent understands that society treats his graffiti as a serious act of delinquency, respondent is put on probation for one year with the following conditions: (1) he is to perform one unit of community service (to clean up the graffiti on four Saturdays); (2) write a composition of 1,500 words on the Holocaust; (3) visit the Holocaust Exhibit in New York City; (4) comply with therapeutic counseling, and (5) write a 350-word book review on "The Diary of a Young Girl” by Anne Frank.
This court retains jurisdiction.